ACCEPTED
15-25-00209-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/31/2025 3:05 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00209-CV

**IN THE COURT OF APPEALS FOR THE FIFTEENTH DISTRICT AUSTIN, TEXAS**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/31/2025 3:05:42 PM
CHRISTOPHER A. PRINE
Clerk

*In re TikTok Inc.; TikTok Ltd.; TikTok Pte. Ltd.;
TikTok U.S. Data Security Inc.; ByteDance Ltd.; and ByteDance Inc.,*

**Relators.**

On Petition for Writ of Mandamus from the
250th District Court of Travis County, Texas
Cause No. D-1-GN-25-003118, The Honorable Cory Liu

**RELATORS' UNOPPOSED MOTION TO SEAL**

TO THE HONORABLE COURT OF APPEALS:

Pursuant to the Protective Order entered in the trial court in this case, Relators bring this unopposed Motion to Seal Real Party in Interest State of Texas's Responses to (1) Relators' Motion for Temporary Relief and (2) Relators' Petition for Writ of Mandamus ("Opposition Briefs"). *See* Exhibit A, Amended Protective Order, *Texas v. TikTok Inc. et al.*, No. D-1-GN-25-003118 (Travis Cnty. Dist. Ct. Dec. 30, 2025).

On December 15, 2025, Real Party in Interest State of Texas ("Real Party in Interest" or the "State") filed redacted and sealed versions of its Response to

1

Relators' Motion for Temporary Relief.  On December 22, 2025, the State filed a redacted version of its Response to Relators' Petition for Writ of Mandamus.  The State filed a sealed version of the same on December 23, 2025.

The redacted portions of the Opposition Briefs quote from or characterize portions of the Amended Petition that the trial court previously ordered to be sealed. *See* Exhibit B, Order Granting Plaintiff's Motion to Seal Court Records, *Texas v. TikTok Inc. et al.*, No. D-1-GN-25-003118 (Travis Cnty. Dist. Ct. Aug. 11, 2025). The trial court found that unsealing those portions of the Amended Petition would "frustrate the key purposes of the DTPA's confidentiality provisions as well as the State's written commitments" to maintain the confidentiality of records produced to the Attorney General.  *Id*. at 2.  The trial court also found that "[i]n contrast to the harm posed by unsealing the confidential information contained in the Petition, sealing it would have a minimal effect on public health and safety."  *Id*.

Accordingly, because the trial court already determined that the redacted material in the Opposition Briefs should be sealed, Relators respectfully request that this Court maintain the redacted portions of the Opposition Briefs under seal for the duration of this litigation.

The State does not oppose the motion.

December 31, 2025

Respectfully submitted,

/s/ Brandon Duke

Neema T. Sahni (*pro hac vice*)
nsahni@cov.com
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067
Tel. (424) 332-4800
Fax. (424) 332-4749

Brandon Duke
bduke@omm.com
**O'MELVENY & MYERS LLP**
700 Louisiana St., Suite 2900
Houston, TX 77002
Tel.  (832) 254-1500
Fax. (832) 254-1501

Megan A. Crowley (*pro hac vice*)
mcrowley@cov.com
**COVINGTON & BURLING LLP**
850 Tenth Street, NW
Washington, DC 20001
Tel. (202) 662-6000
Fax. (202) 778-5112

**ATTORNEYS FOR RELATORS**

**CERTIFICATE OF CONFERENCE**

The undersigned counsel conferred with counsel for the State on December 24, 2025, via email in which counsel for the State advised that the State does not oppose the relief requested.

/s/ Brandon Duke

Brandon Duke
bduke@omm.com
**O'MELVENY & MYERS LLP**
700 Louisiana St., Suite 2900
Houston, TX 77002
Tel.  (832) 254-1500
Fax. (832) 254-1501

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was electronically filed and served on all counsel of record on December 31, 2025.

/s/ Brandon Duke

Brandon Duke
bduke@omm.com
**O'MELVENY & MYERS LLP**
700 Louisiana St., Suite 2900
Houston, TX 77002
Tel.  (832) 254-1500
Fax. (832) 254-1501

# Exhibit A

**CAUSE NO. D-1-GN-25-003118**

|  |  |  |
|---|---|---|
| **STATE OF TEXAS,** | ) | IN THE DISTRICT COURT OF |
| *Plaintiff,* | ) | |
| | ) | TRAVIS COUNTY, |
| | ) | TEXAS |
| **v.** | ) | |
| | ) | |
| **TIKTOK INC., TIKTOK LTD., TIKTOK** | ) | |
| **PTE. LTD., TIKTOK U.S. DATA** | ) | 250th JUDICIAL DISTRICT |
| **SECURITY INC., BYTEDANCE LTD., and** | ) | |
| **BYTEDANCE INC.,** | ) | |
| *Defendants.* | | |

**AMENDED PROTECTIVE ORDER**

Whereas certain discovery materials in this case may qualify as confidential or highly confidential information, and to prevent undue disclosure of any such information, the State and Defendants (collectively, the "Parties") have requested that the Court enter a Protective Order ("Order"); and whereas the Court has determined that the terms set forth herein are appropriate to protect the respective interests of the Parties and third parties; accordingly, it is **HEREBY ORDERED**:

## I.    DEFINITIONS

1.    <u>Action</u>: the above captioned action, including any amendments thereto, and any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2.    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.    <u>CONFIDENTIAL Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Texas Rule of Civil Procedure 192.6.

4.    <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as the

1

support staff).

5. <u>Competitor</u>: Any company that provides social media services or online entertainment platforms that facilitate interactions between two or more distinct but interdependent sets of users, and includes user-generated content, or any company that reasonably may be considered to be in or as having plans to enter into this area, or any of their current officers, directors, employees, contractors, or agents. This definition is only for purposes of determining whether a person serving as an Expert (as defined below) in this case is eligible to obtain access to Protected Material, and the Parties agree that this definition has no evidentiary value and will not be used by the Parties or the Court for any substantive purposes in this case.

6. <u>Designating Party</u>: a Party or Non-Party that designates information or tangible items that it has disclosed or produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

8. <u>Expert</u>: a person who has been retained by a Party or its Counsel to serve as an expert witness or as an undisclosed consultant in this Action (as well as his or her employees and support staff).

9. <u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items</u>: Protected Material the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

10. <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action, and their support staff. In-House Counsel does not include Outside Counsel. In-House

2

Counsel for the State means the Attorney General of Texas, attorneys of the Office of the Attorney General of Texas, and their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

11. Investigation: the pre-complaint inquiry by Texas and co-investigating states into potential consumer protection violations by Defendants.

12. Investigation Materials: documents or other materials provided to the State (or any co-investigating states, to which the State received access) with appropriate authorization relating to the Investigation. Investigation Materials shall be considered as documents produced in this Action.

13. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

14. Outside Counsel: attorneys who are not employees of a Party to this Action but are retained in this Action to represent or advise a Party to this Action, as well as their support staff to whom it is reasonably necessary to disclose the information for this Action (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators). Before accessing any confidential materials subject to this Order, investigators shall be required to sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

15. Party: any party to this Action, including all of its officers, directors, employees, (including In-House Counsel).

16. Producing Party: a Party or Non-Party that has produced Disclosure or Discovery Material or Investigation Material in or before this Action.

17. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3

18. <u>Protected Material</u>: any Disclosure or Discovery Material or Investigation Material that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

19. <u>Receiving Party</u>: a Party or Non-Party that has received Disclosure or Discovery Material or Investigation Material.

## II.  SCOPE

20. The protections conferred by this Order apply to not only Protected Material (as defined above), but also to: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony, or presentation by Parties or their Counsel that might reveal Protected Material. Unless otherwise stated, all periods of time provided for in this Order are calculated as calendar days.

## III.  DURATION

21. Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with prejudice; or (2) final judgment of the Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable. The Court retains jurisdiction even after termination of this Action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court from time to time deems appropriate. Further, the protections conferred by Section VII of this Order ("Handling of Protected Material") cover the use of all Disclosure or Discovery

4

Material produced by a Party or a Non-Party in relation to this Action.

## IV.    DESIGNATING PROTECTED MATERIAL

22.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. A Designating Party shall use reasonable care in designating information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," making such a designation only when there is a legitimate reason for the restrictions on disclosure called for by the designation. The Parties recognize this is a public enforcement lawsuit brought by the State, and that the State desires for it to be conducted on the public record to the greatest extent possible. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

23.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Investigation Materials need not be re-produced or re-stamped and may be used in discovery in this Action.

a.    <u>For information produced during the Investigation</u>, to the extent Investigation Materials were previously designated as "Confidential" and marked accordingly, those materials shall receive protections commensurate with protections for "CONFIDENTIAL" Information provided for in this Order. Any production of Investigation Materials not designated as "Confidential" will not be deemed a waiver of any future claim of confidentiality concerning such information if it is designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

5

ATTORNEYS' EYES ONLY" within a reasonable length of time. If, at any time, a Producing Party realizes that it should have designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Investigation Materials that a Party previously produced, it must notify the Parties in writing that it has changed the designation of Investigation Materials, identify the documents by Bates Number, and produce documents with the new designation. The Parties shall thereafter treat the Investigation Materials in accordance with the new designation under the terms of this Order.

24. Designation in conformity with this Order requires:

a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affixes the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of a paper or electronic document that contains Protected Material or to the cover page of bound or grouped material. Electronic materials may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information by any method reasonably designed to alert the Receiving Party that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information, such as, but not limited to, the subject line of an e-mail containing such materials or, in the case of spreadsheets or other documents not produced in paginated form, in a field in the overlay or in the document's file name. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name of the native documents and on any related imaged

6

slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the foregoing. A Party may designate materials produced by a Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the materials contain information for which that Party would have a right to apply the proposed designation if produced by that Party, by notifying all other Parties of the designation in writing within twenty-one (21) days after the production of Disclosure or Discovery Material by the Non-Party. The deadline to designate Non-Party materials may be extended by agreement of the Parties.

b. For testimony given in deposition or in other pretrial proceedings, in the event that a Producing Party designates a witness's deposition or other testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the specific page and line designations over which confidentiality is claimed must be provided to the Receiving Party

7

within thirty (30) days of receipt of the final transcript, provided, however, that the Receiving Party will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pending the deadline. After the 30-day period, if no Party has designated some or all of that deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, the entire deposition, or those portions of the deposition not designated as confidential, will no longer be considered confidential. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend in an obvious manner. The Party initiating the deposition shall inform the court reporter of these requirements.

c. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affixes, in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

25. Failures to Designate. If timely corrected, failure to designate qualified Disclosure or Discovery Material does not, alone, waive the Designating Party's right to secure protection under this Order for such material. In the event that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information is disclosed without a marking or designation of it as such, the Party may thereafter assert a claim or designation of confidentiality if made within a reasonable length

8

of time, and promptly provide replacement information or items with the appropriate designation (and, if applicable, using the same Bates number as the original production). Thereafter, the Receiving Party must immediately delete the original "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information and all copies of the same and make no use of such Information. The disclosure of any information for which disclosure was proper when made will not be deemed an improper disclosure of confidential material as a result of any such subsequent confidentiality designation.

## V.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

26.    This Order shall not preclude any Party from bringing before the Court, at any time, the question of whether any particular information is properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information upon written notice to the Designating Party. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

27.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging, specifying the Bates number(s) or other form of identification (if Bates number(s) are not on such materials), and describe the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper

9

and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

28. Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion in accordance with the Rules of this Court. The Parties shall treat the information consistent with its designation until a ruling by the Court otherwise.

29. In its request for relief from the Court, the Party disputing the designation of any information shall identify the information that it believes is not properly designated. The Party asserting the propriety of any designation has the burden to defend the designation. If the Court finds the designation of Protected Material to have been inappropriate, the challenged designation shall be considered rescinded.

30. Any person or entity receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information may use the procedures set forth in this section to challenge the Designating Party's confidentiality designation.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

31. Basic Principles. Except as otherwise set out in this Order, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeal(s). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in

this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XII below. Protected Material must be stored and maintained by a Receiving Party, at a location, and in a secure manner that ensures that access is limited to the persons authorized under this Order. Nothing contained in this Order shall be construed to restrict or limit the use, dissemination, or disposition by the Designating Party of its own information that it designates as Protected Material.

32. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. The Receiving Party, including In-House Counsel;

b. The Receiving Party's Outside Counsel in this Action;

c. Experts (as defined in this Order) retained by the Receiving Party and their staff (1) to whom disclosure is reasonably necessary for this Action and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. The Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

e. Court reporters, transcribers, videographers, and their staff;

f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and whose representative has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g. Any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

h. During their depositions or a hearing, or during preparations for the same,

11

witnesses in the Action and their attorneys to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed to by the Designating Party or ordered by the Court;

i.   The author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or personally knows the information;

j.   Any other person as to whom the Designating Party has consented to disclosure in advance; and,

k.   Such other persons as the Parties may agree or as may be ordered by the Court.

33.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

a.   The Receiving Party, including In-House Counsel;

b.   The Receiving Party's Outside Counsel in this Action;

c.   Experts (as defined in this Order) retained by the Receiving Party and their staff (1) to whom disclosure is reasonably necessary for this Action, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) , and (3) as to whom the procedures set forth in Paragraph 36 and its subparts have been followed;

d.   The Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

e.   Court reporters, videographers, and their staff;

f.     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g.     Any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

h.     During their depositions or a hearing, or during preparations for the same, current and former employees of the Designating Party in this Action and their attorneys to whom disclosure is reasonably necessary, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the document is relevant to their work responsibilities during the relevant time and that no copy of any document marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall be left with the witness or included in the witness's copy of the transcript. Where a former employee is currently employed by a competitor of the Designating Party, the Designating Party may move for a protective order requiring heightened protections at least ten (10) business days prior to the deposition, or may object during the course of the deposition to the disclosure of any particular document marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by explaining the basis for its legitimate concerns of competitive harm. If objecting during the course of the deposition, the objecting party may request a telephonic ruling from the Court. If the Court is not available, the parties will not show the objected-to document to the witness, and will leave the deposition open. It will be the objecting party's obligation to seek a ruling from the Court within three (3) days of the deposition;

i.     The author or recipient of a document containing the information or a custodian

13

or other person who otherwise possessed or personally knows the information;

    j.    Any other person as to whom the Designating Party has consented to disclosure in advance; and

    k.    Such other persons as the Parties may agree or as may be ordered by the Court.

34. Nothing contained in this Order shall prevent a party from sharing a witness's own account-level data with that witness.

35. <u>Exclusion of Individuals from Depositions</u>. Counsel shall have the right to exclude any person who is not authorized by this Order to receive or access documents or information designated as Protected Materials from any deposition where testimony regarding Protected Materials or the use of Protected Materials is likely to arise, but only during periods of examination or testimony directed to or comprising Protected Material. This paragraph does not apply to the deponent or deponent's counsel.

36. <u>Procedures For Disclosure of Highly Confidential Information – Attorneys' Eyes Only Material to Experts.</u>

    a. Before a Party provides "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material to an Expert retained in connection with the prosecution or defense of this litigation who is a current or former employee, agent, consultant, or contractor of Defendants or a Competitor, the Party (both the Designating Party and the Receiving Party) shall disclose to the other (1) the full name of the Expert and the city and state of the Expert's primary residence, and (2) either the name of the Expert's current employer, the Expert's current Curriculum Vitae, or a link to the Expert's website.

    b. A Party that makes a disclosure specified in paragraph 36(a) may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the other Party. Any such

objection must set forth in detail the grounds on which it is based.

c.  A Party that receives a timely written objection pursuant to paragraph 36(b) must meet and confer with the opposing Party (through direct voice-to- voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Producing Party may file a motion for protective order that would preclude the expert from receiving "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information within fourteen (14) days of the written objection. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in this paragraph. In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards imposed by this Order) outweighs the opposing Party's need to disclose the Protected Material to its Expert.

d.  Any opposition to a motion for protective order filed pursuant to this paragraph will be filed within seven (7) days of the motion. A reply, if any, will be due within three (3) days of the opposition.

## VII.  HANDLING OF PROTECTED MATERIAL

37.  All Protected Material shall remain in the possession of the Counsel who receive such material through the close of discovery in this Action, provided they remain actively engaged in the representation of a Party, and they shall not release or disclose the nature, substance, or contents thereof. Persons who have been shown Protected Material pursuant to this Order and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of that material. Protected Material in electronic form shall be maintained in a secure location that applies standard industry practices regarding data security, including but not limited to application of auditable access control rights to those persons

15

entitled to access Protected Material under this Order. Electronic delivery of Protected Material shall be by secure file transfer protocol or encrypted email addressed only to persons entitled to access Protected Material under this Order. If a data breach that included Protected Material occurs or a Receiving Party reasonably believes such a breach may have occurred, the Receiving Party shall immediately report such incident to the Producing Party, describe the Protected Material accessed without authorization, and use best efforts to return to the Producing Party the Protected Material copied or removed. In such event, the Receiving Party shall immediately take such reasonable actions as the Producing Party shall request in good faith to remediate the breach, to preclude further breaches, and to address publicity regarding the breach (if any), and in any event take such actions as required by applicable laws, including privacy laws. After notification, the Receiving Party shall keep the Producing Party reasonably informed of remediation efforts.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

38.    If a Receiving Party or other person or entity authorized to receive Protected Material is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

a.    promptly notify in writing the Counsel for the Designating Party (by email, if possible) unless prohibited by law from doing so. Such notification must include a copy of the subpoena or court order;

b.    promptly notify in writing the party who caused the subpoena or order to issue

in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

39.    The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Action an opportunity to address its confidentiality interests in the court from which the subpoena or order is issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. Nothing in these provisions should be construed as authorizing or encouraging the party that received the Protected Material in this Action to disobey a lawful directive from any other court. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena or order does not in any way waive the protections this Order provides against disclosure in any other matter, including this Action.

## IX.    PARTY'S OWN INFORMATION

40.    The restrictions on the use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information established by this Order are applicable only to the use of the Disclosure or Discovery Material received by a Party from another Party or from a Non-Party. A Party is free to do whatever it desires with its own confidential information, provided that any dissemination of the information by the Party that owns the information may lead to the loss of that information's confidential status.

## X.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

**THIS LITIGATION**

41. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non- Party from seeking additional protections. Any Party issuing a subpoena to a Non- Party shall enclose a copy of this Order.

42. In the case of documents or materials produced by Non-Parties pursuant to a subpoena, a Party wishing to designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall so notify Outside Counsel for all other Parties in writing. The Party that served the subpoena should provide all materials produced in response to the subpoena to Counsel for all other Parties. During the next thirty (30) days after the subpoenaed materials have been provided to all Counsel, each party shall have an opportunity to designate some or all of those materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." During this 30-day window, Counsel for all Parties shall treat all materials produced in response to the subpoena as if they are "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any Non-Party may designate information produced by the Non-Party as CONFIDENTIAL Information.

43. No later than ten (10) business days after a Receiving Party's receipt of written responses and/or Disclosure or Discovery Material provided or produced by a Non-Party in response to a subpoena issued in connection with the Action, including written responses and objections and written meet and confer correspondence, and any court filings related to the subpoena, that Receiving Party must make copies of such written response and/or

18

Discovery Material available to all other Parties.

44. In the event that a Party is required, by a valid discovery request, to produce a Non- Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   a. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   b. promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   c. make the information requested available for inspection by the Non-Party, if requested.

45. If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

46. For a period of fourteen (14) days following production by a Non-Party, that production shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" even if not so designated by the Non-Party, to provide the Parties an adequate opportunity to designate information as appropriate. The failure by any Party to designate information produced by Non-Parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be addressed consistent with Section IV of this Order.

19

## XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

47.    To the extent consistent with applicable law, disclosure of Investigation Materials or Protected Materials that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, or if the Receiving Party learns that Protected Materials have been compromised due to a security breach, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

48.    Nothing in these provisions limits or prohibits a Party or Non-Party from seeking any available legal or equitable remedies or relief for the unauthorized disclosure of its Protected Material, including but not limited to attorneys' fees and costs associated with enforcing its rights under this Order.

## XII.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

49.    The production of Materials a Party reasonably believes is subject to protection under the attorney-client, work-product, or trial-preparation privileges, whether inadvertent or otherwise, is not and shall not serve as a basis for claiming waiver of any applicable privilege or protection from discovery in this Action or in any other federal or state proceeding, to the maximum extent applicable. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of material for relevance, responsiveness, and/or segregation of privileged and/or protected information before

production.

50.    In the event that a Party discovers that it produced or disclosed Privileged Material, it shall provide written notice of the privilege claim to the Receiving Party (a "Clawback Notice"), sufficiently identifying the Privileged Material within a reasonable time of discovering the production or disclosure of Privileged Material.

51.    As soon as practicable after providing the Clawback Notice, the Producing Party shall provide (i) if only a portion of the document contains Privileged Material, a new copy of the document utilizing the same Bates Number(s) as the original that has been redacted to protect the Privileged Material; or (ii) if the entire document constitutes Privileged Material, a slipsheet identifying the same Bates Number(s) as the original, noting that the document has been withheld. Any Privileged Material that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedure agreed to by the Parties or ordered by the Court.

52.    Within ten (10) calendar days of receipt of a Clawback Notice (regardless of whether the Receiving Party agreed to or plans to challenge the Producing Party's privilege claim), the Receiving Party, including its vendors, consultants, Experts, and agents, must promptly return and destroy the Privileged Material and all copies thereof (the "Clawed-Back Material") and sequester any work product (such as notes) that reproduce, copy, are derived from, or otherwise disclose the substance of the Privileged Material ("Sequestered Work Product") and certify to the Producing Party when this return and destruction and sequestration is complete. If the Receiving Party does not challenge the Producing Party's Clawback Notice within 14 calendar days of receipt, the Receiving Party shall promptly destroy any Sequestered Work Product and certify to the Producing Party when this destruction is complete. If the Receiving Party raises a challenge within 14 calendar days of receiving the Clawback Notice, the Receiving Party shall be permitted to continue to sequester (rather than destroy) the Sequestered Work Product throughout the meet and

21

confer process provided for under Section 12(c)(iii). In the event that the Producing Party withdraws a Clawback Notice or the Court orders the production or disclosure of the Clawed-Back Material, the Receiving Party need not continue to sequester the Sequestered Work Product.

53. Within 7 days of the issuance of a Clawback Notice, the Producing Party shall produce a privilege log with respect to the Clawed-Back Material, if and as required by the privilege-logging procedures agreed to by the Parties or ordered by the Court.

54. If a Receiving Party challenges a claim that Privileged Material specified in a Clawback Notice is privileged, the Receiving Party shall notify the Producing Party of its challenge within 14 calendar days of receiving the Clawback Notice.

55. Within 14 calendar days of the Producing Party receiving notification of the challenge, the Parties shall meet and confer in an effort to resolve their disagreement. If the Parties are unable to resolve their disagreement, either Party may submit the issue to the Court for a determination. The Producing Party shall submit one copy of the Clawed-Back Material to the Court in camera (the "In Camera Copy") upon the Court's request. Nothing in this Order alters any party's burden of proof with respect to a claim of Privilege.

## XIII. MISCELLANEOUS

56. <u>Public Knowledge or Independent Acquisition</u>. Notwithstanding any other provision of this Order, no person shall be precluded from using or disclosing, in any lawful manner, any Protected Material that (a) was intentionally and lawfully made publicly known by the Designating Party; (b) was lawfully acquired by or known to that Receiving Party, independent of receipt during the Investigation or in discovery in this Action; or (c) was made publicly known pursuant to an order of a court or as may be required by regulation. The burden of proving prior possession, prior knowledge, or prior public knowledge of such Protected Material shall be on the Receiving Party.

57. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

58. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

59. <u>No Waiver</u>. Nothing in this Order shall be deemed a waiver of the right of any party to oppose production of any information or material on any available grounds or to object to the authenticity or admissibility of any document, testimony, or other evidence.

60. <u>No Modification of Privileges</u>. Nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or protection from disclosure to the extent such privilege or protection exists under applicable law.

61. <u>AI Prohibition</u>. The Parties agree that any documents, electronically stored information ("ESI"), or other materials produced or exchanged in the course of this Action, including but not limited to those designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, shall not be used, in whole or in part, for prompts (inputs), completions (outputs), or embeddings that are used to train, improve, re-train, or otherwise develop any artificial intelligence, foundation model, or large language model (collectively "AI Models"). This prohibition applies regardless of whether the AI Models are proprietary, open-source, or provided by a third party, and regardless of whether the use is for commercial, research, or any other purpose. The Parties further agree to take reasonable steps to ensure that their employees, counsel, agents, consultants, contractors, and any other persons or entities who may have access to such materials comply with this prohibition. Any violation of this provision may be addressed by the Court through appropriate remedies, including but not limited to

23

sanctions.

62. <u>Filing Protected Material</u>. This Order explicitly permits Parties to file under seal with the Clerk pleadings, motions, or other papers that contain information that any Party has designated as Protected Material. Any pleading, motion, or other paper containing information that any Party has designated as Protected Material shall be filed using the following procedures:

    a.    a redacted version (i.e., a version containing line-by-line redactions of Protected Material) of the pleading, motion, or paper shall always be filed on the public docket;

    b.    an unredacted version of the pleading, motion, or paper shall be e-mailed to opposing Counsel and, if applicable, to a third party that designated information in the filing as Protected Material; and

    c.    following the filing of the redacted version on the public docket, an unredacted version of the pleading, motion, or paper shall be e-filed with the Court, with a notation that the material must be filed under seal. The paper should also include a cover page containing a typed statement in substantially the following form:

> **SUBJECT TO PROTECTIVE ORDER – PROTECTED MATERIAL**
> The contents of this envelope are filed under seal, have been designated as Protected Material, and are subject to a Protective Order of the Court. The contents are not to be made public except as set forth in the Protective Order or upon further order of the Court.

A pleading, motion, or paper containing information that a Party has designated as Protected Material will be treated as filed on the date by which the filing Party completed (a) and (b). The filing of such a pleading, motion, or paper shall not be construed as agreement on the part of the filing Party that the information is in fact

24

Protected Material or that filing such information under seal is appropriate. Within fourteen (14) business days following the conclusion of briefing (or the due date for filing of a Reply, if no Reply is filed) on the underlying motion or other papers filed under seal (unless such time is extended by the Parties), the Party or Non-Party that designated the information as Protected Material may file an omnibus motion to seal requesting that some or all of the redacted information remain as such. The Designating Party may move the Court for an extension of time. If no such timely motion to seal is filed, or upon denial of any such motion, the original filing Party may file an unredacted version of the pleading, motion, or other paper on the public docket.

63. <u>Challenges to Sealing Orders by Members of the Public</u>. Any interested member of the public may challenge the sealing of particular documents that have been filed under seal, and the Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

64. <u>Presentation of Protected Material to the Court</u>. With respect to testimony elicited during hearings, at trial, or at other proceedings before the Court, whenever Counsel for any Party believes that any question or line of questioning calls for the disclosure of Protected Material, Counsel may alert the Court to this concern and the Court shall take such action as it concludes is necessary and appropriate in light of the confidentiality interests at stake and the public's right of access. For purposes of any hearing, trial, or other proceeding in this case, a Party's failure to have previously challenged the designation of Protected Material shall not prevent that Party from arguing that the proceeding, including any discussion of the Protected Material, should proceed publicly.

65. <u>Compliance with Federal and State Law</u>. Nothing contained herein shall alter either Party's obligations to maintain and protect information that is privileged or otherwise protected under state, federal, or common law or to alter the State's obligations under the Texas

Public Information Act. The State shall not make any disclosures of Protected Material outside of those addressed elsewhere in this Order unless such a disclosure is required by law and will provide notice of such disclosure to the Designating Party seven (7) days prior to disclosing Protected Material if permitted by law.

66. The Parties may disclose Protected Materials to other State Attorneys General, United States federal government enforcement agencies, and other Texas law enforcement agencies investigating and/or prosecuting consumer protection or data collection issues against Defendants related to the allegations in the Amended Petition in this case, provided that those agencies have either (i) existing protective orders or confidentiality agreements in place with one or more of the Defendants and agree in writing to treat Protected Material subject to the terms of their protective order or confidentiality agreement with the Defendant(s); or (ii) agree in writing to be bound by the terms of this Order. Law enforcement agencies who received Protected Materials pursuant to this paragraph may use it for law enforcement purposes described herein.

67. Expert Reports. For any testifying expert witness, the information required by Rule 26(a)(2) of the Federal Rules of Civil Procedure will be provided on the date on which expert disclosures are due.

68. Expert Communications. Discoverability into communications with experts (whether testifying or not) shall be governed by the limitations of Rules 26(b)(3)(A)–(B) and 26(b)(4) of the Federal Rules of Civil Procedure.

## XIV.    FINAL DISPOSITION

69. Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must make best efforts to destroy all Protected Material , except: (1) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an

established routine system maintenance practice, (2) emails sent or received by counsel for the Receiving Party, (3) documents that must be preserved as government records or in compliance with other statutory, regulatory, or legal authorities; or (4) work product kept in the ordinary course of business in which confidential material is referenced or described.

70. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must promptly thereafter submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within the 60-day period that (1) identifies (by category, where appropriate) all of the Protected Material that was returned or destroyed and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, a Party's own client records, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section III (DURATION).

Signed December 30, 2025

BY THE COURT:

_____
Hon. Cory Liu
Judge, 250th District Court

27

| | | |
|---|---|---|
| **STATE OF TEXAS,** | ) | IN THE DISTRICT COURT OF |
| *Plaintiff,* | ) | |
| | ) | TRAVIS COUNTY, |
| | ) | TEXAS |
| **v.** | ) | |
| | ) | |
| **TIKTOK INC., TIKTOK LTD., TIKTOK** | ) | |
| **PTE. LTD., TIKTOK U.S. DATA** | ) | |
| **SECURITY INC., BYTEDANCE LTD., and** | ) | 250th JUDICIAL DISTRICT |
| **BYTEDANCE INC.,** | ) | |
| *Defendants.* | ) | |

## EXHIBIT A

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____[print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Protective Order that was issued by the

Court in the above-captioned case. I agree to comply with and to be bound by all the terms of this

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of civil and/or criminal contempt. I solemnly promise that

I will not disclose in any manner any information or item that is subject to this Protective Order to

any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the District Court of Travis County, Texas,

for the purpose of enforcing the terms of this Protective Order, even if such enforcement

proceedings occur after termination of this Action.

I freely and knowingly waive any right I may otherwise have to object to the jurisdiction

of the Court in connection with this Action or any proceedings related to enforcement of this

Protective Order.

.

PRINT NAME HERE

.

SIGN NAME HERE

.

DATE

.

COUNTY

.

STATE

.

# Exhibit B

**CAUSE NO. D-1-GN-25-003118**

| | | |
|---|---|---|
| **STATE OF TEXAS,** | ) | IN THE DISTRICT COURT OF |
| *Plaintiff,* | ) | |
| | ) | TRAVIS COUNTY, |
| | ) | TEXAS |
| **v.** | ) | |
| | ) | |
| **TIKTOK INC., TIKTOK LTD., TIKTOK** | ) | |
| **PTE. LTD., TIKTOK U.S. DATA** | ) | 250th JUDICIAL DISTRICT |
| **SECURITY INC., BYTEDANCE LTD., and** | ) | |
| **BYTEDANCE INC.,** | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | | |

**<u>ORDER GRANTING PLAINTIFF'S MOTION TO SEAL COURT RECORDS</u>**

Upon consideration of Plaintiff's motion to file its unredacted Petition under seal, and after considering the arguments of counsel, the Court grants the motion.

The Texas Rules of Civil Procedure provide a "presumption of openness" to records filed in Texas courts. A party overcomes that presumption upon a showing of a "specific, serious, and substantial interest which clearly outweighs" that presumption and "any probable adverse effect that sealing will have upon the general public health or safety." Tex. R. Civ. P. 76a(1)(a). Moreover, a party seeking to seal court records must show that "no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted." Tex. R. Civ. P. 76(a)(1)(b). The State's Petition here contains information taken from material produced to the Attorney General pursuant to his authority under Section 17.61 of the Texas Deceptive Trade Practices Act. That statute protects such materials from public disclosure, particularly any trade secrets, and requires court approval before the presentation of any such material. Tex. Bus. & Com. Code Ann. § 17.61(f). The law's mandate overcomes the Rules' presumption. The State also has entered into

1

two Confidentiality Agreements that are consistent with the DTPA's requirement to maintain the confidentiality of records produced to the Attorney General. Requiring the State to file its unredacted Amended Petition on the public docket will frustrate the key purposes of the DTPA's confidentiality provisions as well as the State's written commitments, namely, the robust and efficient enforcement of the State's consumer protection statute and the protection of confidential trade secrets. In contrast to the harm posed by unsealing the confidential information contained in the Petition, sealing it would have a minimal effect on public health and safety.

The State further seeks to seal only the portions of its Petition that contain confidential information and thus has chosen the least restrictive means to meet its obligations. Tex. R. Civ. P. 76a(1)(b).

Accordingly, the State's Motion for Leave to File its Unredacted Amended Petition Under Seal is GRANTED. The unredacted Amended Petition shall remain under seal pending the remainder of this Action, unless otherwise ordered by the Court.

IT IS SO ORDERED.


August 11, 2025
_____
Date

_____
Judge Cory R. Liu

2

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Court Services on behalf of Brandon Duke
Bar No. 24094476
ommsvc2@omm.com
Envelope ID: 109580882
Filing Code Description: Motion
Filing Description: Relator's Unopposed Motion to Seal
Status as of 12/31/2025 3:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brandon Duke | | bduke@omm.com | 12/31/2025 3:05:42 PM | SENT |
| Trial Court | | 250.submission@traviscountytx.gov | 12/31/2025 3:05:42 PM | SENT |
| Adam Holtz | | adam.holtz@oag.texas.gov | 12/31/2025 3:05:42 PM | SENT |
| Brian Barnes | | bbarnes@cooperkirk.com | 12/31/2025 3:05:42 PM | SENT |
| David Thompson | | dthompson@cooperkirk.com | 12/31/2025 3:05:42 PM | SENT |
| Adam Laxalt | | alaxalt@cooperkirk.com | 12/31/2025 3:05:42 PM | SENT |
| Madeline Fogel | | madeline.fogel@oag.texas.gov | 12/31/2025 3:05:42 PM | SENT |
| Hannah Campus | | hannah.campus@oag.texas.gov | 12/31/2025 3:05:42 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 12/31/2025 3:05:42 PM | SENT |
| Jerry Bergman | | jerry.bergman@oag.texas.gov | 12/31/2025 3:05:42 PM | SENT |
| Calendar Litigation | | litigationcalendar@omm.com | 12/31/2025 3:05:42 PM | SENT |
| Megan Crowley | | mcrowley@cov.com | 12/31/2025 3:05:42 PM | SENT |
| Richard Mccutcheon | | richard.mccutcheon@oag.texas.gov | 12/31/2025 3:05:42 PM | SENT |
| Zoann Willis | | zoann.willis@oag.texas.gov | 12/31/2025 3:05:42 PM | SENT |
| Rebecca Hermann | | rebecca.herrmann@oag.texas.gov | 12/31/2025 3:05:42 PM | SENT |
| Neema T. Sahni | | nsahni@cov.com | 12/31/2025 3:05:42 PM | SENT |
| JC Hernandez | | JC.Hernandez@oag.texas.gov | 12/31/2025 3:05:42 PM | SENT |
| Mary Clarkson | | Mary.Clarkson@oag.texas.gov | 12/31/2025 3:05:42 PM | SENT |
| Joshua Jilovec | | jjilovec@omm.com | 12/31/2025 3:05:42 PM | SENT |